IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 10, 2002 Session

## DONALD C. MCCARY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 223576      Carroll L. Ross, Judge (by designation)**

**No. E2002-01106-CCA-R3-PC**
**February 12, 2003**

The petitioner, Donald C. McCary, appeals the trial court's denial of his petition for post-conviction relief. In this appeal, he alleges (1) that he was not competent to enter pleas of guilty; (2) that he did not knowingly, voluntarily, and intelligently plead guilty; (3) that the trial court impermissibly participated in plea negotiations; (4) that he did not receive the effective assistance of counsel; and (5) that he is entitled to post-conviction relief because a presentence report was not prepared before the sentencing hearing. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JERRY L. SMITH, JJ., joined.

Howell G. Clements, Chattanooga, Tennessee (on appeal), and Rich Heinsman, Assistant District Public Defender (at trial), for the appellant, Donald C. McCary.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; and Rodney C. Strong, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

In 1992, the petitioner was convicted of thirteen sex offenses against four male victims ranging in age from twelve to fifteen years old. The trial court imposed an effective sentence of seventy-two years' incarceration. See State v. McCary, 922 S.W.2d 511, 512-13 (Tenn. 1996). Our supreme court reversed each of the convictions and remanded for a new trial, ruling that the trial court improperly admitted evidence of prior uncharged sexual offenses in violation of Tennessee Rule of Evidence 404(b). Id. at 512-15. Our high court declared that the petitioner's personal diary should have been excluded from evidence and warned that certain pornographic magazines and videotapes most likely should have been excluded as irrelevant. Id. Upon remand, the trial court granted the petitioner's motion for a severance of the trials. The trial court also granted the petitioner's request to act as his own attorney in two of the cases which proceeded to trial. This

appeal involves the remaining two cases in which the petitioner, who was then represented by counsel, entered pleas of guilt.

In August 1997, the petitioner was convicted in two separate jury trials of two counts of aggravated sexual battery of J.B.[1] and four counts of statutory rape and one count of sexual battery of J.S. The trial court imposed an effective sentence of 34 years. Each of those convictions is under appeal.[2] In December 1997, the petitioner pled guilty to three counts of rape of M.C. and two counts of assault of C.R. The trial court imposed an effective sentence of 38 years, to be served concurrently to the 34-year sentence. In October of 1998, the petitioner filed this petition for post-conviction relief, asking that the convictions be set aside.

At the evidentiary hearing, the petitioner testified that after being convicted in the first two trials, he was emotionally distraught. He claimed that after the jury verdicts were returned, he was placed in a "suicide cell" at the Hamilton County Jail. According to the petitioner, other inmates and the guards harassed him constantly. He complained that he was not given a change of clothes for several days. All of these circumstances, the petitioner argued, prevented him from being competent to enter guilty pleas as to the charges involving M.C. and C.R.

The petitioner insisted that his trial counsel, Rich Heinsman, who had acted as elbow counsel during the J.B. and J.S. trials, pressured him to plead guilty. According to the petitioner, his trial counsel had received assurances from the trial judge that he would receive concurrent sentencing, but only if there was a plea. The petitioner asserted that he did not want to plead guilty, but instead wanted to proceed to trial. He claimed that he did not understand that both the additional charges would be settled on the day of the guilty plea.

The petitioner testified that his trial counsel did nothing in preparation for trial. He claimed that he did not have any discussions about possible defenses, potential witnesses, or the trial strategy. The petitioner alleged that his trial counsel pressured him to plead guilty because he would certainly be convicted if he went to trial.

The petitioner also contended that the trial court failed to advise him of the full panoply of rights that he was waiving by pleading guilty. Specifically, he claimed that the trial court did not advise him that his convictions could be used to enhance any sentence he might receive in the future. Further, he argued that the trial court did not explain that he could be prosecuted for perjury if he gave false answers at the submission hearing.

The petitioner's trial counsel, who had been practicing law for approximately three years when he began representing the petitioner, testified at the evidentiary hearing that his entire practice

---

[1]It is the policy of this court to withhold the identity of minor victims of sex crimes.

[2]The petitioner was found guilty of multiple charges in each trial. On appeal, this court affirmed two of the convictions as to one of the victims. The other convictions were reversed and a new trial ordered. See State v. McCary, No. E2001-02726-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Jan. 10, 2003).

was devoted to criminal defense. In preparation for the petitioner's trial, trial counsel filed a number of motions, some of which were granted, including a motion to sever the trials according to victim. He stated that he reviewed the transcripts of the petitioner's first trial in an effort to develop the theory of defense and recalled that he met with the petitioner on numerous occasions to discuss trial strategy. It was his observation that the petitioner had a firm grasp of both the facts and law applicable to the case. Trial counsel asserted that the petitioner assisted in the preparation of some of the motions that were filed on his behalf.

Trial counsel stated that he had indeed recommended that the petitioner plead guilty, explaining that his evaluation confirmed that the proof of the petitioner's guilt was overwhelming. He recalled that he had attempted to procure a plea agreement for the petitioner, but the state was unwilling to make a deal. Trial counsel testified that, after receiving permission from the assistant district attorney, he telephoned the trial judge in an effort to ascertain his position on concurrent sentencing. Trial counsel remembered that the trial judge indicated that he was "inclined" to order concurrent sentencing, but could not make a decision before hearing all the proof. Trial counsel provided this information to the petitioner.

Judge Buddy Perry, who presided over the petitioner's trials and guilty pleas, testified that he recalled the discussion about concurrent sentencing. Although he could not recall precisely the content of their conversation, Judge Perry stated that it was likely that he informed trial counsel that he was inclined to order concurrent sentences. He explained that he did not routinely order consecutive sentences and that he ultimately concluded that consecutive sentencing was not necessary in the petitioner's case. Judge Perry stated that he most certainly would have told trial counsel that he could not make a final determination before hearing all of the proof. He testified that he did not at any time suggest a plea agreement and expressly denied advising trial counsel that the petitioner would receive consecutive sentences if he persisted in going to trial.

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

# I

The petitioner first asserts that he was incompetent to plead guilty. In Dusky v. United States, 362 U.S. 402, 402 (1960), the Supreme Court ruled that a defendant is competent if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and . . . has a rational as well as factual understanding of the proceedings against him." In Mackey v. State, 537 S.W.2d 704 (Tenn. Crim. App. 1975), this court determined that the

petitioner must be able to understand the nature and objects of the proceedings against him, must be able to consult with counsel, and must be able to assist in the preparation of his defense. This court has also concluded that "the level of competence required to enter a guilty plea is the same as is required to stand trial." McMahan v. State, No. 03 C01-9212-CR-00422 (Tenn. Crim. App., at Knoxville, Nov. 5, 1993). The determination of competency is within the sound discretion of the trial court. State v. Howard, 926 S.W.2d 579 (Tenn. Crim. App. 1996).

Here, the petitioner did not challenge his competency prior to the entry of the guilty pleas, which occurred nearly a year after our supreme court remanded for new trials. Although the petitioner testified that he was too emotionally overwrought to understand the proceedings, the record demonstrates that the petitioner had the ability to articulate his thoughts and the rationality to understand the rulings of the court. Some testimony submitted by stipulation at the evidentiary hearing suggests that the petitioner may have, in fact, suffered from anxiety associated with being on trial. A degree of anxiety during a trial, plea negotiations, or a guilty plea proceeding does not, however, establish that the petitioner was incompetent to plead guilty. After hearing the evidence, the post-conviction court rejected the claim. In our view, the evidence presented at the evidentiary hearing does not preponderate against the post-conviction court's finding that the petitioner was competent to plead guilty.

**II**

The petitioner next contends that his pleas were not knowingly, voluntarily, and intelligently entered. He asserts that he was pressured by his trial counsel to plead guilty, that the trial court failed to apprize him of his rights, and that he did not understand the proceedings. The post-conviction court, emphasizing that the petitioner stated at the submission hearing that he was pleading guilty "[b]ecause I want to get it over with. I'm guilty and I'm asking for your mercy," concluded that "there is no proof whatsoever that the plea that [the petitioner] entered into on that day was anything other than voluntary on his part."

In Boykin v. Alabama, 395 U.S. 238 (1969), the United States Supreme Court ruled that defendants should be advised of certain of their constitutional rights before entering pleas of guilt. Included among those are admonitions regarding the right against self-incrimination, the right to confront witnesses, and the right to trial by jury. Id. at 243. "[T]he core requirement of Boykin is 'that no guilty plea be accepted without an affirmative showing that it was intelligent and voluntary.'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Fontaine v. United States, 526 F.2d 514, 516 (6th Cir. 1975)). The plea must represent a "voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25 (1970). If the proof establishes that the petitioner was aware of his constitutional rights, he is entitled to no relief. Johnson v. State, 834 S.W.2d 922, 926 (Tenn. 1992). A plea which is the product of "ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats" is not voluntary. Boykin, 395 U.S. at 242-43.

Here, the transcript establishes that the petitioner was advised of his full panoply of constitutional rights at the guilty plea proceeding. See State v. Neal, 810 S.W.2d 131 (Tenn. 1991),

-4-

overruled in part by Blankenship v. State, 858 S.W.2d 897 (Tenn. 1993). Further, the petitioner's testimony regarding the trial court's shortcomings at the submission hearing belie his statement that he was "too disoriented" to understand the proceedings. In our view, the transcript of the submission hearing establishes that the petitioner was fully aware of his constitutional rights, that he understood the nature of the proceedings, and that he voluntarily pled guilty. The evidence does not preponderate against the findings of the trial court.

### III

The petitioner claims that he is entitled to post-conviction relief because the trial judge impermissibly participated in plea negotiations. The post-conviction court, concluding that the petitioner was not "credible as a witness . . . in anything that he said," ruled that Judge Perry did not enter into plea negotiations.

Tennessee Rule of Criminal Procedure 11 provides, in pertinent part, as follows:

The district attorney general and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the district attorney general will do any of the following:

(A) move for dismissal of other charges; or
(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or
(C) agree that a specific sentence is the appropriate disposition of the case. The court shall not participate in any such discussions.

Tenn. R. Crim. P. 11(e)(1) (emphasis added). Here, trial counsel testified that he had approached the state in an effort to reach an agreement providing that the sentences imposed in the cases where the petitioner pled guilty would be served concurrently with the sentences he received in the trials. When the assistant district attorney indicated that the state was unwilling to enter into an agreement for concurrent sentencing, trial counsel, apparently with the permission of the assistant district attorney, telephoned the trial judge in an effort to ascertain his position on concurrent sentences. Trial counsel testified that the trial judge advised that he was "inclined" to grant concurrent sentences, but warned that he could not make a definite determination until after the sentencing hearing. Judge Perry conceded that he had most likely informed trial counsel that he would be inclined to order concurrent sentences, but asserted that he would have admonished counsel that no final decision would be made until the sentencing hearing. Judge Perry steadfastly denied pressuring the petitioner to enter into an agreement with the state. It is our view that the evidence does not preponderate against the trial court's finding that the statements of Judge Perry did not qualify as participation in the plea negotiations.

**IV**

The petitioner next asserts that he was denied the effective assistance of counsel. When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the plea and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Here, trial counsel testified that he worked closely with the petitioner in the months preceding the jury trials and that, even after he was relegated to the role of elbow counsel, he assisted in the preparation of the defense. He stated that when he was reappointed as counsel after the J.S. trial, he did encourage the petitioner to plead guilty in the remaining cases, explaining that the state had a particularly compelling case and that a guilty plea was the only means of limiting the length of the sentence. Trial counsel asserted that he was prepared to go to trial. The post-conviction court accredited that testimony and complemented trial counsel on the quality of his performance. In our view, the petitioner has failed to demonstrate that but for his counsel's deficient performance he would not have plead guilty. In consequence, the evidence does not preponderate against the conclusions of the trial court.

**V**

Finally, the petitioner asserts that he is entitled to post-conviction relief because a new presentence report was not prepared prior to his sentencing hearing in this case. Initially, the petitioner has waived this issue by failing to lodge a direct appeal of the propriety of the sentence. See Tenn. Code Ann. § 40-30-206(g) ("A ground for relief is waived if the petitioner . . . failed to

present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.").  Nevertheless, the petitioner is not entitled to relief.

The petitioner correctly asserts that because he did not plead guilty pursuant to a plea agreement providing for an agreed sentence, a presentence report was required.  See Tenn. Code Ann. §§ 40-35-203(b), 40-35-205(a).  He has failed to demonstrate, however, how the lack of a presentence report has violated any constitutional right or otherwise would entitle him to post-conviction relief.  Further, a presentence report was prepared after the petitioner was convicted in the J.B. and J.S. trials, approximately six weeks before the entry of the guilty pleas and sentencing hearing for the offenses against M.C. and C.R.  There is no indication of a change in circumstances.  In consequence, the petitioner has failed to demonstrate any prejudice resulting from the failure to prepare a second presentence report.  In our view, the evidence does not preponderate against the trial court's finding that the petitioner is not entitled to relief on this issue.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE